IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00259-RJC
(3:02-cr-00235-RJC-1)

| | | |
|---|---|---|
| WILLIAM BUTLER CRAWFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence which he filed through counsel pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and the Government's Response in support of collateral relief. (Doc. No. 6). For the reasons that follow, Petitioner's sentence will be vacated.

I.   BACKGROUND

On November 18, 2003, Petitioner was found guilty by a jury in this District on one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (Count 1); one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2); and one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 3). (3:02-cr-00235, Doc. No. 1: Bill of Indictment; Doc. No. 33: Jury Verdict).[1]

In Petitioner's presentence investigation report ("PSR"), the probation officer concluded

---

[1] Before trial, the Government filed notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. (Id., Doc. No. 7).

that Petitioner qualified as an armed career criminal, 18 U.S.C. § 924(e) ("ACCA") and USSG § 4B1.4 (2001), based on North Carolina convictions for two counts of assault with a deadly weapon (1989); one count of common law robbery (1989); one count of assault on a female (1992); and one count of the sale or delivery of cocaine (1993). (Id., Doc. No. 52: PSR ¶¶ 35, 48-49, 52). On October 4, 2004, Petitioner was sentenced to a term of 120 months on Count 1, a mandatory, consecutive term of 60 months on Count 2, and 262-months' imprisonment on Count 3 for a total term of 322-months in prison. (Id., Doc. No. 39: Judgment). Petitioner's judgment was affirmed on appeal. United States v. Crawford, 141 F. App'x 141 (4th Cir. 2005) (unpublished).

On April 15, 2008, Petitioner's pro se § 2255 motion to vacate was dismissed after the Court found that his claims of ineffective assistance of counsel were without merit. (3:06-cv-00265-RLV, Doc. No. 18: Order). On May 23, 2016, the Fourth Circuit granted Petitioner's application for authorization to file this second or successive petition pursuant to 28 U.S.C. §§ 2244 and 2255(h). In re: William Butler Crawford, No. 16-479 (4th Cir. 2016). (3:16-cv-00259, Doc. No. 1-1).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

In this collateral proceeding, Petitioner argues that he is entitled to relief from his sentence because he no longer qualifies as an armed career criminal based on the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional.[2] (3:16-cv-00259, Doc. No. 1: Motion to Vacate).

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense." <u>Id.</u> § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."*

18 U.S.C. § 924(e)(2)(B)(i)(ii). <u>See</u> <u>Johnson</u>, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause."). The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. <u>Id.</u> § 924(e)(2)(A)(ii)

The Government concedes that Petitioner is entitled to sentencing relief because in light of the holding in <u>Johnson</u>, Petitioner no longer has the qualifying, predicate convictions to support his ACC designation.  (<u>Id.</u>, Doc. No. 6: Government's Response at 1). Specifically, the

---

[2] In <u>Welch v. United States</u>, the Supreme Court held that the holding in <u>Johnson</u> applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

Government notes that the state-court documents charging Petitioner with assault with a deadly weapon and assault on a female do not support a finding that the convictions categorically qualify as violent felonies under the "force clause" of the ACCA, id. § 924(e)(2)(B)(i). In other words, in Petitioner's case the Court would have to resort to application of the residual clause in order to find that those offenses qualified as violent felonies, and as noted, the residual clause is no longer constitutional; therefore the offenses cannot now qualify as violent felonies under the ACCA.

The Government also notes that the Fourth Circuit recently examined the impact of the holding in Johnson to resolve the question of whether the offense of North Carolina common law robbery categorically qualified as a violent felony under the force clause of the ACCA. (Government's Response at 5). The Court reasoned that the offense of common law robbery "may be committed by the alternative means of violence or fear. Accordingly, if either means of committing this crime does not require the 'use, attempted use, or threatened use' of 'physical force,' then North Carolina common law robbery does not categorically match the force clause of the ACCA." United States v. Gardner, __ F.3d __, 2016 U.S. App. LEXIS, at *16-17 (4th Cir. May 18, 2016) (internal citation omitted).[3] Based on the foregoing, the Court found that North Carolina common law robbery could only qualify as a violent felony under the ACCA by considering the offense under the residual clause, and because that clause was now deemed unconstitutional, the offense could no longer serve as a valid, predicate conviction to support a designation as an armed career criminal.

Based on the foregoing, the Court finds that Petitioner no longer has three convictions to

---

[3] On July 6, 2016, the Fourth Circuit denied the Government's petition for rehearing en banc in Gardner, and the Court's mandate issued on July 14, 2016.

qualify him as an armed career criminal and he is therefore entitled to be resentenced. Because Petitioner was sentenced on the § 922(g) conviction to in excess of 120-months – the maximum punishment absent the ACC designation – the Court will order that he be resentenced on the § 922(g) count.

IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's motions for extension of time are **GRANTED**. (Doc. No. 4, 5).

2. Petitioner's Motion to Vacate his Sentence is **GRANTED**. All other provisions of his judgment shall remain in force and effect (3:02-cr-00235, Doc. No. 39: Judgment).

3. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

4. The U.S. Probation Office shall prepare a Supplemental Presentence Report and file the same in the criminal case.

5. The Federal Defenders of Western North Carolina shall represent Petitioner for the purpose of resentencing.

6. The Clerk is respectfully directed to certify copies of this Order to the U.S. Probation Office.

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: July 26, 2016

Robert J. Conrad, Jr.
United States District Judge